**SHAW EQUIPMENT CO. v. CITY OF OLNEY.**

No. 14530.

Court of Civil Appeals of Texas.
Fort Worth.

May 21, 1943.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

E. G. Thornton, of Olney, for appellee.

BROWN, Justice.

This is a plea of privilege case.

The City of Olney, Texas, brought suit against Shaw Equipment Company, a private corporation domiciled in Dallas County, Texas, alleging in substance that the defendant sold to the said City a street sweeping machine and represented that such machine was suitable for the purpose for which it was being bought; that the City tried out the machine and found it inadequate and not useful for the purpose for which it was being bought and that it was defective; that these facts were made known to defendant and a representative of same came to Olney and persuaded the City's officers to execute the notes covering the purchase price of the machine, stating at the time that defendant would make the sweeper do the work intended in a satisfactory manner, but that at the time of the making of such promise the defendant did not intend to carry out or perform the same, and has never done so. That the machine is worthless.

That the promises and representations were made in Olney, Young County, Texas, and a part of the transaction arose in said county.

Thus it is seen that plaintiff's petition contains two counts: one, the sale to it of a machine that is not fit for the work that it was warranted to do; and, two, that the seller promised to make the machine do satisfactory work, which promise induced the City to execute the notes covering the purchase price, but which promise the seller never intended to keep and perform.

The seller presented its plea of privilege to be sued in Dallas County and the plaintiff filed its controverting plea.

The plea of privilege was overruled and defendant appeals.

Two points are presented for review: (1) Error in overruling the plea; and (2) error in not sustaining appellant's motion to strike the testimony of the witness Bettis, concerning oral representations of appellant's salesman which were made prior to the execution of the contract, to the effect that the sweeper was of sufficient size to do the work that the City wanted done and that it would take something like 4 or 5 hours to sweep the streets of Olney with the machine.

■ In support of its first point, appellant contends that the plea should have been sustained because there is no evidence of fraud in the record, in that (a) the testimony of oral representations was inadmissible in view of the provisions of the written contract, and should have been excluded on appellant's motion; (b) even if the testimony was properly admitted, the appellee did not have the right, as a matter of law, to rely upon such representations after having made its own investigation of the facts and a personal inspection of the sweeper; and (c) the so-called representations were mere general commendations and expressions of opinion and could not, in law, be actionable fraud.

We believe that the answer to subdivisions a, b and c is that these contentions go simply to the merits of the case.

Subdivisions a and b relate to matters that, if they present proper defenses, are such as are raised in pleas of estoppel. Estoppel may or may not be pleaded at the will and pleasure of the pleader. It is purely defensive. Subdivision c relates solely to a question of evidence and goes to the sufficiency of the evidence to make out a prima facie case of fraud.

In considering this issue, we call attention to the fact that the promises relied upon by the plaintiff were made after the contract of purchase was made, and the plaintiff contends that they were made in order to induce plaintiff to execute notes for the purchase price, and that the defendant had no intention of carrying out the promises when they were made.

■ We cannot say that the trial court had no evidence of probative force before him to sustain his judgment to the effect that a prima facie case of fraud was made by the plaintiff.

■ In the next contention appellant urges that the cause of action, or a part thereof, did not arise in Young County, because it was not shown that plaintiff had a cause of action, in that, (a) no cause of action arises in favor of one who purchases a machine after personal inspection and subsequently decides it is too small or too light to do the work intended; and (b) a purchaser of machinery who keeps and uses the machinery for a period of nearly two years before giving notice of a desire to rescind, is guilty of laches and presents merely a stale demand.

As to subdivision (a), it does not clearly state plaintiff's contention.

This plaintiff contends that the machine is not suitable for the purposes for which it

was bought, that it is defective, and that it is worthless.

All this goes to the merits of the case, and may or may not be established on a trial of the merits.

As to subdivision (b), this contention is one that may or may not arise on the trial and under a plea of estoppel. It goes solely to the merits.

We cannot say that the plaintiff did not make out a prima facie cause of action touching the uselessness and worthlessness of the machine.

The judgment overruling the plea of privilege is affirmed.